NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

| | | |
|---|---|---|
| COREY PEARSON, | : | |
| | : | Civ. No. 20-2065 (RMB-JS) |
| Plaintiff | : | |
| v. | : | |
| | : | **OPINION** |
| DONNA SWEENEY, *et al.*, | : | |
| | : | |
| Defendants | : | |

_____:

BUMB, District Judge

This matter comes before the Court upon the filing of a civil rights complaint under 42 U.S.C. § 1983 by Plaintiff Corey Pearson, an inmate presently incarcerated in Bayside State Prison in Leesburg, New Jersey. (Compl., Dkt. No. 1.) Plaintiff filed an application to proceed without prepayment of the filing fee ("in forma pauperis" or "IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed IFP and will be granted.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim that fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff brings his claims against defendants under 42 U.S.C. § 1983 for violating the Eighth Amendment by failing to protect him from assault by another inmate. (Compl., ¶4, Dkt. No. 1.) The Court accepts the factual allegations in the complaint as

3

true for purposes of screening the complaint. Plaintiff does not clearly present the chronological events that led to his assault by another inmate nor does he describe the assault or when it occurred. Plaintiff alleges he was incarcerated in a prison in New Hampshire, where he was misclassified as a sex offender and was assaulted by another inmate at some time before he was transferred to C.R.A.F.[2] in New Jersey, where he remained from May 13, 2019 to June 3, 2019. (Compl., Dkt. No. 1 at 7.) The named defendants are Donna Sweeney, Interstate Transfer Analyst for the New Jersey Department of Corrections ("NJDOC"); Marcus O'Hicks, NJDOC Commissioner; Detective Tabolski, Special Investigative Officer for South Woods State Prison; and S. Bailey, Senior Classifications Officer at South Woods State Prison. (Compl. ¶4, Dkt. No. 1.) Plaintiff asserts these defendants had the opportunity to correct his misclassification as a sex offender but negligently failed to do so before he was assaulted by another prisoner. (See generally Compl., Dkt. No. 1.)

    B.    Section 1983 Claims

42 U.S.C. § 1983 provides, in relevant part,

---

[2] According to its website, "CRAF", Central Reception and Assignment Facility, "serves as a central processing unit for all adult males sentenced to the New Jersey Department of Corrections." Available at https://www.google.com/maps/d/viewer?mid=19oCJlVou1rAvf3KLu7Se3UfAJF0&ll=40.24716930000003%2C-74.8046279&z=8 (last visited July 27, 2020).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### 1. Elements of a failure to protect claim

Under the Eighth Amendment prison officials have a duty "to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir.1997) (citations and internal quotations omitted). The elements of an Eighth Amendment failure to protect claim are (1) the plaintiff was "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the defendant prison officials acted with "deliberate indifference" to the plaintiff's safety. Bracey v. Pennsylvania Dep't of Corr., 571 F. App'x 75, 78 (3d Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "Deliberate indifference may be proven by showing that 'the official knows of and disregards an excessive risk to inmate health or safety.'" Reed v. Harpster, 506 F. App'x 109, 112 (3d

Cir. 2012) (quoting Farmer, 511 U.S. at 837)). "Not only must a prison official be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but the official 'must also draw the inference.'" Id. Deliberate indifference does not require an inmate to show he "was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Farmer v. Brennan, 511 U.S. at 843 (1994). It is enough if prisons officials were aware that risk of assault was "so common and uncontrolled that some potential victims dared not sleep" for fear of assault. Id.

    2.   Analysis

While the Eighth Amendment imposes a duty upon prison officials to protect the safety of inmates under their custody, the Court is not aware of any precedent holding a prison official who was not the prisoner's immediate custodian liable for failure to protect from assault by another inmate. See Garcia v. Lemaster, 439 F.3d 1215, 1216 (10th Cir. 2006) (holding a New Mexico prisoner incarcerated in California pursuant to Interstate Corrections Compact ("ICC") failed to state a claim when he brought a 42 U.S.C. § 1983 action alleging unconstitutional classification and denial of recreation in New Mexico district court against New Mexico Corrections Department defendants.)

6

Even assuming such a claim is possible, a plaintiff must allege facts indicating that a defendant's deliberate indifference to a substantial risk to his safety caused his injury. Plaintiff has not alleged facts suggesting it was obvious to the defendants that if they did not act quickly to correct the misinformation causing Plaintiff to be classified as a sex offender, he was under a substantial risk of serious harm from assault by another inmate. For example, Plaintiff did not allege facts indicating how other prisoners were aware of his sex offender classification. For these reasons, the Court will dismiss the complaint without prejudice for failure to state an Eighth Amendment failure to protect claim.

III. CONCLUSION

The Court will grant Plaintiff's IFP application but dismiss the complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

An appropriate Order follows.

DATE:   July 27, 2020

                          s/Renée Marie Bumb
                          **RENÉE MARIE BUMB**
                          **United States District Judge**