NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

COREY PEARSON,

        Plaintiff

  v.

DONNA SWEENEY, *et al.*,

        Defendants

Civ. No. 20-2065 (RMB-JS)

**OPINION**

---

BUMB, District Judge

This matter comes before the Court upon the filing of a supplemental[1] complaint under 42 U.S.C. § 1983 by Plaintiff Corey Pearson, an inmate presently incarcerated in Bayside State Prison in Leesburg, New Jersey. (Supp. Compl., Dkt. No. 5.) On July 27, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, but dismissed his civil rights complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). (Order, Dkt. No. 4.) Plaintiff's supplemental complaint is an attempt to cure the pleading deficiencies of his Eighth Amendment failure to protect claims. The Court must also review the

---

[1] The Court will treat Plaintiff's new filing as a supplemental complaint, See Fed. R. Civ. P. 15(d), rather than an amended complaint because Plaintiff clearly intends to continue to rely on the facts and claims in the original complaint. Thus, the complaint includes the submissions filed in Docket entry numbers 1 and 5.

complaint, as supplemented, for possible dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Original Complaint

Plaintiff brings his claims against defendants under 42 U.S.C. § 1983 for violating the Eighth Amendment by failing to protect him from assault by another inmate. (Compl., ¶4, Dkt. No. 1.) Plaintiff alleges he was incarcerated in a prison in New Hampshire, presumably under an interstate agreement for housing New Jersey prisoners, and he was misclassified as a sex offender by the defendants, New Jersey officials. Plaintiff alleges he was

3

assaulted by another inmate in New Hampshire before he was transferred to C.R.A.F.[2] in New Jersey, where he remained from May 13, 2019 to June 3, 2019. (Compl., Dkt. No. 1 at 7.) The named defendants are Donna Sweeney, Interstate Transfer Analyst for the New Jersey Department of Corrections ("NJDOC"); Marcus O'Hicks, NJDOC Commissioner; Detective Tabolski, Special Investigative Officer for South Woods State Prison; and S. Bailey, Senior Classifications Officer at South Woods State Prison. (Compl. ¶4, Dkt. No. 1.) Plaintiff alleges that these defendants had the opportunity to correct his misclassification as a sex offender but negligently failed to do so before he was assaulted by another prisoner. (See generally Compl., Dkt. No. 1.)

In the Court's Opinion dated July 27, 2020, the Court dismissed the complaint for two reasons: (1) Plaintiff was not in the custody of the defendants when he was assaulted; therefore, it is unclear how they could have protected him from assault by another inmate; and (2) even assuming the defendants could have protected Plaintiff, he did not allege how the defendants were

---

[2] According to its website, "CRAF", Central Reception and Assignment Facility, "serves as a central processing unit for all adult males sentenced to the New Jersey Department of Corrections." Available at https://www.google.com/maps/d/viewer?mid=19oCJlVou1rAvf3KLu7Se3UfAJF0&ll=40.24716930000003%2C-74.8046279&z=8 (last visited July 27, 2020).

aware that he was under a substantial risk of serious harm from assault by another inmate. (Opinion, Dkt. No. 3 at 6-7.)

### B. The Supplemental Complaint

Plaintiff alleges the following facts in his supplemental complaint. The assault on Plaintiff by another prisoner in the New Hampshire prison occurred on May 12, 2019. (Supp. Compl., Dkt. No. 5 at 1.) The inmate who assaulted Plaintiff had overheard an officer telling Plaintiff that he would have to attend sex offender treatment programs. (Id.) Plaintiff wrote to Defendants in New Jersey prior to the assault, asking them to correct his misclassification as a sex offender, but they did not act. (Id.) Plaintiff's mother also made calls on his behalf, to no avail. (Id.)

Several inmates confronted Plaintiff after hearing a rumor that Plaintiff was a sex offender. (Id.) As Plaintiff tried to explain that he was not a sex offender, one inmate pulled out a shank and another inmate punched him in the eye. (Id.) This occurred the day before Plaintiff's scheduled court date in Newark, New Jersey, and as a result of his assault, he was not sent back to New Hampshire. (Id.) Plaintiff alleges that "everyone knows sex offenders do not live in prisons peacefully" and "every defendant knew my life was in danger." (Id.)

5

C.   Eighth Amendment Claim

An Eighth Amendment failure to protect claim under 42 U.S.C. § 1983 requires a plaintiff to allege facts indicating that the defendants were deliberately indifferent to a substantial risk of serious harm to the inmate. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A showing of deliberate indifference requires courts to "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997) (quoting Farmer, 511 U.S. 825, 839 (1994)).

Misclassification of a prisoner as a sex offender, while certainly a serious problem that requires attention, does not in itself establish deliberate indifference of a substantial risk of serious harm to the prisoner. Even accepting it is obvious that sex offenders are targets for violence in prison, Plaintiff has not alleged that the defendants who were responsible for correcting the classification error, who were in New Jersey, knew that inmates in the New Hampshire prison were aware of Plaintiff's classification. Plaintiff has explained how the New Hampshire inmates discovered his classification, but he has not alleged that the defendants in New Jersey were aware of this, and the threat it posed to him if they did not correct his classification.

Further, Plaintiff has not alleged that he informed Defendants that he had no means of protection in the New Hampshire

6

prison. Plaintiff suggests in his supplemental complaint that he should have been housed in a secured unit for sex offenders until the misclassification was corrected, but he has not named any defendant who refused to grant him protective custody or alleged that Defendants in New Jersey were aware that he would not be afforded protective custody.

III. CONCLUSION

The Court will dismiss the complaint, as supplemented. Dismissal is without prejudice and leave will be granted to file an amended complaint. An amended complaint will replace the original complaint. See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading'") (quoting New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985)).

An appropriate Order follows.

DATE: November 24, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

7