NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

COREY PEARSON,  :
                                         : Civ. No. 20-2065 (RMB-JS)
         Plaintiff  :
  v.                               :
                                         : **OPINION**
DONNA SWEENEY, *et al.*,  :
                                         :
         Defendants  :
_____:

BUMB, District Judge

    This matter comes before the Court upon the filing of an amended complaint under 42 U.S.C. § 1983 by Plaintiff Corey Pearson, an inmate presently incarcerated in Bayside State Prison in Leesburg, New Jersey. (Am. Compl., Dkt. No. 13.) On July 27, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, but dismissed his civil rights complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). (Order, Dkt. No. 4.) The Court also dismissed Plaintiff's supplemental complaint by Order dated November 24, 2020. (Order, Dkt. No. 8.) The Court must review the amended complaint for possible dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss the claims against

Marcus O-Hicks without prejudice and permit the remainder of the claims to proceed.

I.  *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   Amended Complaint

Plaintiff brings his claims against defendants under 42 U.S.C. § 1983 for violating the Eighth Amendment by failing to protect him from assault on May 12, 2019 by another inmate who heard that Plaintiff was designated as a sex offender. (Am. Compl., Dkt. No. 13.) A Court must liberally construe a pro se complaint. Therefore, the Court construes the Amended Complaint as raising a Fourteenth Amendment Due Process claim that "the sex offender

3

designation caused 'severe changes in conditions of confinement [that amounted] to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing,'" McIntosh v. United States, No. 19-2018, 2021 WL 392828, at *2 (3d Cir. Feb. 4, 2021) (quoting Renchenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010.) The Amended Complaint alleges Defendants Donna Sweeney, Detective Tabolsky and Senior Classifications Officer S. Bailey at South Woods State Prison failed to correct Plaintiff's alleged erroneous sex offender classification upon his transfer to a prison in New Hampshire, resulting in an assault on Plaintiff by an inmate who learned Plaintiff was classified as a sex offender.

The Court will permit the Due Process claims against Defendants Sweeney, Tabolski and Bailey to proceed, pursuant to McIntosh, 2021 WL 392828, at *2. The Court will dismiss without prejudice the Due Process claim against Marcus O'Hicks because liability is premised on his supervisory role over Interstate Transfers and alleged failure to investigate Plaintiff's claims and take action after the assault occurred. Supervisory liability under 42 U.S.C. § 1983 must be supported by factual allegations that the supervisor "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or the supervisor "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations."

4

Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original). Plaintiff has not alleged a policy or custom maintained by O'Hicks that caused Plaintiff's misclassification as a sex offender, nor has he alleged that O'Hicks had knowledge of or acquiesced in the misclassification, resulting in the alleged assault.

III. CONCLUSION

The Court will permit the amended complaint to proceed in part and dismiss without prejudice the claim against Marcus O'Hicks.

An appropriate Order follows.

DATE: February 18, 2021

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**