UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COREY PEARSON,

                Plaintiff,

                v.

DONNA SWEENEY, et al.,

                Defendants.

Civil Action No. 20-2065 (KMW) (MJS)

**MEMORANDUM ORDER**

    This matter comes before the Court on Defendants' Motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29.) By way of background, Plaintiff, Corey Pearson, filed an amended complaint in this matter in January 2021 regarding attacks he suffered as a result of his being incorrectly labeled a sex offender prior to an interstate prison transfer. (ECF No. 13.) On February 16, 2021, Judge Bumb screened the amended complaint and permitted Plaintiff's Fourteenth Amendment Due process claim regarding the false labeling to proceed against Defendants Sweeney, Bailey, and Tabolski "in their individual capacities." (ECF No. 14, ECF No. 15 at 1.) Neither Plaintiff's complaint nor Judge Bumb's decision explicitly raised or construed Plaintiff to be raising any form of official capacity claim against any of these three remaining Defendants. (*See* ECF Nos. 13-15.)

    Following service of the complaint, Defendants Sweeney and Tabolski filed their current motion to dismiss. (ECF No. 29.) In that motion, Defendants present arguments in which they contend that any official capacity claims Plaintiff may have raised against them must be dismissed as they are not "persons" subject to suit in their official capacities and are in any event immune from suit for damages in their official capacities. (*Id.*) In October 2021, Plaintiff filed a response to the motion. (ECF No. 31.) In his response, Plaintiff explicitly clarifies that he has "not made

any claim in this case against the State, its agencies, or its employees acting in their official capacities," and has sought damages against Defendants "acting in their individual capacities under 42 U.S.C. § 1983, only." (*Id.* at 1.)

In light of Judge Bumb's order which proceeded *only* individual capacity claims, Plaintiff's complaint which is silent as to any official capacity claims, and Plaintiff's response to the motion which clearly states that he wishes to raise no official capacity claims and wishes only to raise claims against Defendants in their individual capacities, this Court finds that Plaintiff has raised no official capacity claims and no such claims are present or pending in this matter which could be dismissed as a result. Defendants motion – which seeks only the dismissal of claims Plaintiff has not raised – must therefore be denied as moot as this Court is without any opportunity to grant meaningful relief through the motion.[1]

**IT IS THEREFORE** on this 9th day of December, 2021,

**ORDERED** that Defendants' Motion to Dismiss any official capacity claims in Plaintiff's amended complaint (ECF No. 29) is **DENIED** as moot as it is clear that Plaintiff raised no such claims in this matter; and it is further

---

[1] This Court construes Defendants' motion to seek the dismissal of only any claims Plaintiff may have raised against them seeking money damages in their official capacities. It is possible, however, to read at least one of Defendants' arguments (*see* ECF No. 29-2 at 10-11) to also be suggesting that any suit against them for damages *in any* capacity would be barred by Eleventh Amendment. To the extent Defendants were attempting to raise this broader argument – which this Court does not believe to be the case but will address for the sake of completeness – that argument is entirely without merit and is denied as such. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25-30 (1991) (while state officers are immune from suit for money damages under § 1983 in their *official* capacities, they are not immune from suit for suits against them in their individual or personal capacities); *see also Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 714 (D.N.J. 2004).

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Defendants electronically and upon Plaintiff by regular mail.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge